**In re BEEF N' BURGUNDY, INC.,
Debtor in Possession.**

**Bankruptcy No. 81–00509A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 12, 1982.

Gray, Gilliland, Gordon & Hinson, Atlanta, Ga., for petitioner.

Finestone & Cardon, Atlanta, Ga., for respondent.

FINDINGS OF FACT

CONCLUSIONS OF LAW

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Debtor in Possession's Motion for Production of Documents in the above-styled action having regularly come on for hearing of all issues before this Court on December 8, 1981, and a hearing having been held at that time, the Court makes the following Findings of Fact and draws the following Conclusions of Law with respect thereto:

FINDINGS OF FACT

1. Attorney Wayne L. Cardon and the law firm of Finestone & Cardon served as legal counsel for Beef N' Burgundy, Inc., the Debtor in Possession, for a period of time prior to the filing of the Petition in Bankruptcy by Beef N' Burgundy, Inc. on February 5, 1981.

2. Wayne L. Cardon and the law firm of Finestone & Cardon were not fully paid by Beef N' Burgundy, Inc. for the professional services rendered by them to Beef N' Burgundy, Inc.; and as a result the firm of Finestone & Cardon is a creditor of Beef N' Burgundy, Inc. and has filed a claim in this Chapter 11 case.

3. Wayne L. Cardon and the law firm of Finestone & Cardon are in possession of certain recorded information of the Debtor's relating to the Debtor's property and financial affairs including, but not limited to, the Debtor's corporate minute books, stock books, by-laws and other corporate records.

4. The Debtor's books, records and documents retained by Mr. Cardon and his firm are necessary to the proper conduct of Debtor's affairs in this reorganization case.

5. Both Mr. Cardon and his firm have refused to return the debtor's books, records and documents held by them until and unless their attorney's lien is satisfied or adequate protection is provided for the amount of the lien pursuant to 11 U.S.C. § 361.

6. Georgia Code Annotated Section 9–613 provides in pertinent part that "Attorneys at law shall have a lien on all papers and money of their clients in their possession, for services rendered to them, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims."

CONCLUSIONS OF LAW

1. Bankruptcy Code Section 542(e) [11 U.S.C. § 542(e)][1] requires an attorney, accountant or other professional that holds recorded information relating to a debtor's property or financial affairs, to surrender it to the trustee or the debtor in possession if there is no trustee.

2. Section 542(e) of the Bankruptcy Code deprives attorneys of the leverage they possess under State lien law provisions to receive payment prior to releasing and turning over the recorded information in their possession relating to a debtor's property or financial affairs when the information they hold is necessary to the administration of the estate.[2]

3. The law firm contends it should be paid or be provided adequate protection, 11 U.S.C. § 361, to the value of the lien claims as a condition to the surrender of the books and records of the Debtor.

The debtor on the other hand contends that § 542(e) does not provide for the substitution of other property or the use of other means to secure or continue the lien of an attorney under state law when the attorney is ordered to turn over recorded information of the debtor which comes within the scope of § 542. Further the debtor argues that § 542 does not permit the attorney to receive payment of his claim ahead of other creditors. In its first assertion the debtor is correct; § 542(e) makes no mention of substitution of property or the continuation of liens. The debtor's second assertion is incorrect. Section 542 does not address this point and this statutory attorney's lien is not avoidable under § 545.

While adequate protection is usually thought of only in terms of secured interest,[3] the statutory terms of § 362(d)(1) are not so restricted. The concept of adequate protection to be provided under § 362(d)(1) is very general and applies to many other parties in interest having "an interest in property" as well as secured creditors. The Bankruptcy Court as a court of equity[4] may devise and provide ways and means to protect the rights of parties in interest having an interest in property such as these attorneys who possess a statutory lien on those books and records which are the property of the debtor.[5] Section 542(e) provides the procedural basis to enable the Chapter 11 estate to get necessary and material information and this can be accomplished without any unnecessary impairment of the substantive property rights of these former

1. Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to disclose such recorded information to the trustee. 11 U.S.C. § 542(e).

2. H.R.Rep.No.95–595, 95th Cong. 1st Sess. 369–70 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 84 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

3. 11 U.S.C. § 101(37).

4. 28 U.S.C. § 1481; *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966).

5. Although § 542(e) is not at issue, a discussion of the relationship of § 363 to § 542 can be found in the following cases: *In re Bush Gardens, Inc.*, 5 B.C.D. 1023, 10 B.R. 506 (Bkrtcy.N.J.1979); *In re Aurora Cord and Cable Company, Inc.*, 2 B.R. 342 (Bkrtcy.N.D.Ill. 1980); *In re Troy Indus. Catering Service*, 2 B.R. 521 (Bkrtcy.E.D.Mich.1980); *In re Alpha Corp.*, 7 B.C.D. 791, 11 B.R. 281 (Bkrtcy.D.Utah 1981).

attorneys of the debtor by providing them, in lieu of prior payment in full, with adequate protection for the ultimate payment of the value of their statutory lien.

One case in this district in a situation similar, after ordering a turnover of the books and records in possession of a law firm, gave the firm a priority claim for its fees. *Scroggins v. Powell, Goldstein, Frazer & Murphy (In re Kaleidoscope)*, 15 B.R. 232 (Bkrtcy.N.D.Ga.1981).

4. Wayne L. Cardon and Finestone & Cardon are required by Bankruptcy Code Section 542(e) to turn over to the Debtor all of the recorded information held by them which is requested in the Debtor's motion including, but not limited to, corporate minute books, stock books, by laws and other corporate records. Subsequently, this court will schedule a hearing and hear evidence as to what form of protection is necessary and appropriate to protect the rights of this claimant.