### In re Charles Donald ANDERSON, Debtor.

### Barry M. HILL, Plaintiff,

### v.

### Charles Donald ANDERSON, Defendant.

Bankruptcy No. 2–86–00216.
Adv. No. 2–86–0081.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Oct. 20, 1988.

Arthur J. Recht, Weirton, W. Va., for plaintiff.

Andrew W. Miller, Steubenville, Ohio, for defendant.

Thomas R. Straus, Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COMPLAINT FOR DECLARATORY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This adversary proceeding, brought by Barry M. Hill, an attorney practicing in the state of West Virginia, seeks to have this Court determine the validity of an attorney's charging lien against defendant Charles Anderson's discharge in bankruptcy. Anderson answered the complaint and the matter was heard in Steubenville, Ohio.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (O).

## FINDINGS OF FACT

The facts in this matter are essentially uncontested. Hill and Anderson entered into a contract dated November 10, 1982 which obligated Hill to represent Anderson in the assertion of a claim in the state of West Virginia for Workmen's Compensation benefits arising from injuries sustained by Anderson on October 11, 1981, while he was an employee of National Steel Corporation in Weirton, West Virginia. In return for that representation, Anderson agreed to bear all expenses of litigation and to pay Hill twenty per cent (20%) of each award obtained as a result of that claim. Under West Virginia law that agreement for attorney fees is subject to a maximum term and any benefits awarded to Anderson are subject to Hill's entitlement of 20% of each such award for a period equal to 208 weekly awards, including allocation of the principal portion of any lump sum award for back benefits. W.Va.Code § 23-5-5.

On October 7, 1983 Anderson was awarded permanent total disability benefits for life, to be paid on a monthly basis, determined by and adjusted for the average weekly wage in West Virginia. At the time that award was made, the maximum rate for such payments was $301 each week, payable monthly. Anderson also received a lump sum payment for back benefits from March, 1983 when his temporary benefits had ceased, to October, 1983.

From the date of his initial award until he filed bankruptcy on June 21, 1986, Hill received 20% of each award paid to Anderson by the West Virginia Workmen's Compensation fund. The payments have gone directly to Anderson from the state. Despite execution of authorization for Hill to receive the checks and then pay them over to Anderson, such authorization has not been filed with the West Virginia Workmen's Commission, and the payments continue to be paid directly to Anderson. No compensation has been paid to Hill since the bankruptcy filing. The amounts paid to Hill prior to January 21, 1986 were equivalent to 20% of Anderson's awards for approximately 75 weeks.

## ISSUE OF LAW

The issue before the Court is the validity, extent and effect against a debtor of an attorney's common law, pre-petition charging lien.

Hill asserts that his entitlement to 20% of the benefits paid to Anderson, up to the statutory maximum, is unaffected by Anderson's discharge in bankruptcy. In support of that position he asserts that he possesses an attorney's charging lien which survives the bankruptcy filing. Anderson, on the other hand, contends that no lien was created in favor of Hill, or if any lien were created, such lien is, at best, only an equitable lien which is not enforceable against Anderson and is exempted from Hill's reach after Anderson has been granted a discharge in bankruptcy.

## CONCLUSIONS OF LAW

The validity and extent of a lien is a matter of state law. *See U.S. v. Martin Fireproofing Corp. (In re Taylorcraft Aviation Corp.)*, 168 F.2d 808 (6th Cir. 1948). Because the contract between Hill and Anderson which allegedly gave rise to the charging lien and the fund created by Hill's services arose in West Virginia, the applicable law to be examined is that of West Virginia.

The state of West Virginia recognizes a common law equitable lien in favor of an attorney, resulting from a contract with a client, and impressed upon any fund created by the legal services of such attorney. *Fuller v. Stonewall Casualty Co.*, 304 S.E.2d 347, 349 (W.Va.1983); *Capehart v. Church*, 136 W.Va. 929, 933, 69 S.E.2d 127 (1952). Where the fee is based upon a contract providing for a percentage of the amount recovered, the percentage must be based upon funds actually received by the client and not just upon the amount awarded as a judgment. *Capehart*, 136 W.Va. at 933, 69 S.E.2d 127. While in some states the lien is statutory; in others such as West Virginia, it is recognized as a valid form of common law lien. *See In re Tarricone, Inc.*, 76 B.R. 53 (Bankr.S.D.N.Y. 1987); *Capehart* 136 W.Va. at 933, 69 S.E. 2d 127. Under common law, the lien re-

lates back to the commencement of the attorney's services which resulted in the creation of the funds against which the lien is asserted. *Fuller*, 304 S.E.2d at 349.

■ The Court finds that West Virginia recognizes an attorney's charging lien and that the contract between Hill and Anderson gave rise to such a lien once the Workmen's Compensation fund was created in Anderson's favor by Hill's services. Such lien creates an equitable, common law right in the attorney to secure payment of fees for services which led to creation of the award of benefits against which the lien is asserted. Accordingly, the only issue remaining is the effect of Anderson's discharge in bankruptcy upon such lien.

■ An equitable, common law charging lien is not required to be perfected by any specific manner and is not subject to the provisions of Article 9 of the Uniform Commercial Code. W.Va.Code § 46–9–104(c) (1972). The effect of bankruptcy upon such a lien, when challenged by a trustee in bankruptcy as a third party judgment lien creditor, may be unsettled under the provisions of the Bankruptcy Reform Act of 1978. *See Olsen v. Russell (In re Kleckner)*, 81 B.R. 464 (Bankr.N.D.Ill. 1988) and *In re Sacerdote*, 74 B.R. 487 (Bankr.E.D.Pa.1987). It is clear, however, that between a debtor who receives a discharge in bankruptcy and the holder of an equitable lien in the nature of an attorney's common-law charging lien, the lien is valid. As a valid lien, it survives the discharge. *Cf. In the Matter of Fitterer Engineering Assoc., Inc.*, 27 B.R. 878 (Bankr.E.D.Mi. 1983); *Brannon v. Gay (In the Matter of Browy)*, 527 F.2d 799 (7th Cir.1976). As a debtor in a Chapter 7 bankruptcy case, except in limited circumstances not applicable here, cannot exercise the powers of a trustee to avoid the effects of a lien he agreed to create, the effectiveness of such a lien upon a third party judgment lien creditor, such as a trustee in bankruptcy, is not relevant. The lien between the debtor and the attorney continues unaffected by the bankruptcy and, absent other grounds for avoidance, is enforceable against the fund which serves as security for the lien

after the debtor receives his discharge. *Fitterer,* 27 B.R. at 881. Nor does Anderson's claim of exemption affect the enforceability of what is, in essence, a consenual lien which is outside the parameters of the Uniform Commercial Code. See 11 U.S.C. § 522(c)(2).

Based upon the foregoing, the common law charging lien in favor of Hill is declared to be valid and extends to 20% of each payment received by the debtor, to the limit prescribed by West Virginia law.

IT IS SO ORDERED.