**In the Matter of INFORMATION EXCHANGE, INC., Debtor.**

**John C. DABNEY, Jr., Movant,**

**v.**

**INFORMATION EXCHANGE, INC. and Jay E. Loeb, Trustee, Respondents.**

**Bankruptcy No. A89–00305–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 25, 1989.

John C. Dabney, Jr., Johnson & Ward, Atlanta, Ga., for movant.

Jay E. Loeb, Gershon, Olim, Katz & Loeb, Atlanta, Ga., for trustee.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on a motion for relief from the automatic stay filed by John C. Dabney, Jr. on February 16, 1989. At the hearing on the motion on March 14, 1989, the Court took the matter under advisement, and the parties have submitted letter briefs and a stipulation of facts which can be summarized as follows.

The debtor was in the business of collecting, sorting, storing, and reselling public legal record information by use of a computer program and database.

Dabney is an attorney who was hired to represent the debtor in a suit by the previous owner of the debtor's business who

sought to recover the balance of the purchase price called for in the transaction for the sale of the business assets. During the course of the representation, Dabney was provided with magnetic computer tapes which included a copy of the debtor's program and database. The trustee concedes for present purposes that the debtor gave Dabney an oral security interest in the magnetic tapes to secure the payment of attorney's fees.

The trustee holds another copy of the program and database which is subject to a first priority security interest held by Capital South Group, Ltd., to secure a claim in excess of $83,000.00. The trustee opposes Dabney's motion because the return to the secured creditor and the benefit to the estate from the sale of the database would be reduced if Dabney is also able to sell a copy.

Dabney asserts that he holds a valid attorney's lien pursuant to O.C.G.A. §§ 15–19–14(a) and (b). The trustee argues that Dabney's attorney's lien claim is preempted by 11 U.S.C. § 542(e) and that any lien or oral security interest held by Dabney is voidable under § 544.

O.C.G.A. § 15–19–14(b) provides for an attorney's lien on any recovery obtained in a lawsuit. Such a lien on funds does not appear to be involved in this case, and, in any event, the trustee can avoid the lien arising under § 15–19–14(b) if the lien is not recorded as permitted by § 15–19–14(d). *See In re Burnham,* 12 Bankr. 286 (Bankr.N.D.Ga.1981).

■ As to Dabney's attorney's lien claim pursuant to § 15–19–14(a) on the property of his client in Dabney's possession, this Court has examined Formal Advisory Opinion No. 87–5 (86–R1) which was issued by the Supreme Court of Georgia on September 26, 1988 and which was cited by both parties. While some language in the Advisory Opinion indicates that the magnetic tapes in question in this case are within the type of property to which an attorney's lien will attach, the Opinion clearly advises that an attorney may not to the prejudice of the client withhold the client's papers or properties as security for unpaid fees. In this case, Dabney's retention of his client's tapes prejudices the client, and, in turn, this estate, by jeopardizing the sale of the property or reducing the amount to be realized from such sale.

■ Furthermore, 11 U.S.C. § 542(e) provides for the turnover of property subject to an attorney's lien when the attorney is adequately protected. *See In re Beef N' Burgundy, Inc.,* 21 B.R. 69 (Bankr.N.D.Ga. 1982). The Court agrees with the trustee that the tapes held by Dabney should be turned over to the estate pursuant to § 542(e). The value of Dabney's lien claim [1] is adequately protected by virtue of the lien attaching to any proceeds of the sale of the property.

■ Finally, as to Dabney's assertion that he holds an oral security interest perfected by possession of the collateral, it is true that O.C.G.A. § 11–9–203(1)(a) permits the *creation* of a security interest to arise by possession rather than by a signed security agreement. However, *perfection* of the security interest is a different matter. A security interest in letters of credit, goods, instruments, money, negotiable documents, or chattel paper may be perfected by possession of the collateral pursuant to O.C.G.A. § 11–9–305. As to security interests which cannot be perfected by possession pursuant to § 11–9–305, a financing statement must be filed in order to perfect the security interest as required by § 11–9–302(1)(a).

The Court is of the opinion that the collateral in which Dabney claims a security interest is a "general intangible" as defined by § 11–9–106, which is not included within the listed types of collateral in which security interests can be perfected by possession pursuant to § 11–9–305. Although security interests in "goods" or tangible personal property may be perfected by possession, it is not the computer tape itself which is actually in issue here but the information and programming which is re-

---

**1.** As the *Beef N' Burgundy* case points out, payment in full is not insured. The interest to be adequately protected is the *value* of the lien claim.

corded on the tape. That is, the tape in and of itself is of little value; it is the information copied on the tape which is claimed as collateral. Because such information is a general intangible, Dabney can only perfect his security interest in the collateral by filing a financing statement.

This conclusion is buttressed by the consideration of the rationale behind permitting perfection by possession for some types of property. If a secured party has possession of a tangible item of collateral belonging to a debtor, this possession serves as a substitute for a filed financing statement by giving third parties notice of the likely existence of a security interest. Here, Dabney's mere possession of a *copy* of the debtor's program provides no notice to third parties that Dabney holds a security interest in the program itself or in all existing copies. Therefore, Dabney's oral security interest could not be perfected by possession and is unperfected. The security interest is therefore subject to avoidance by the trustee under 11 U.S.C. § 544.

Accordingly, it is ORDERED that the motion for relief from the automatic stay filed by John C. Dabney, Jr. is DENIED; and it is

FURTHER ORDERED that Dabney shall turn over to the trustee all copies of the debtor's magnetic tapes in his possession within five (5) days from the date of entry of this Order.

IT IS SO ORDERED.