Daniel J. CHAPMAN, d/b/a Chapman
& Chapman, P.C., Plaintiff and
Appellant,

v.

Mary E. WELLS, and Bradley P. Wells,
Defendants and Appellees.

Civil No. 960108.

Supreme Court of North Dakota.

Dec. 4, 1996.

Charles R. Isakson, Chapman & Chapman, Bismarck, for plaintiff and appellant.

Robert W. Palda, Minot, for defendant and appellee Mary E. Wells.

Carol K. Larson, Pringle & Herigstad, P.C., Minot, for defendant and appellee Bradley P. Wells.

SANDSTROM, Justice.

Daniel Chapman appeals from the district court's summary judgment for Mary Wells and Bradley Wells. The district court found Chapman's lien did not attach to the Individual Retirement Account (IRA). Chapman claims the IRA is not exempt from attachment and notice of the attorney's lien relates back to the time the services were performed. We affirm, holding the IRA of less than $100,000 is exempt from attachment under North Dakota law.

I

Daniel Chapman rendered legal services to Mary Wells during her divorce from Bradley Wells. In the "qualified domestic relations order,"[1] Mary Wells was awarded

---

1. "A [qualified domestic relations order] is defined as any judgment, decree, or order, made under a state's domestic relations law, which relates to child support, spousal support, or mar-

one-half of Bradley Wells' Employer Retirement Investment (401K). Bradley Wells' employer rolled the 401K over[2] into an IRA account. The district court amended the qualified domestic relations order, allowing Mary Wells to receive one-half of the IRA. Mary Wells owed Chapman in excess of $8,000 for legal services when Chapman filed his complaint.

Mary Wells subsequently filed Chapter 7 bankruptcy in which she listed the attorney fees owed to Chapman as an unsecured debt and claimed the IRA as exempt property. Under N.D.C.C. § 35–20–08, Chapman secured an attorney's lien against the 401K. The bankruptcy court concluded the lien would not affect the property of the bankruptcy estate because it was claimed as exempt. The bankruptcy court granted Chapman relief from the automatic stay so the validity of the lien could be determined in state court. Chapman brought suit against Mary Wells, Bradley Wells, and the trustee. The district court dismissed the trustee.

The district court found attachment of the lien related back to the date the services were provided. The district court concluded the property was exempt, however; and therefore the attorney's lien did not attach to the 401K or the IRA. The district court granted summary judgment in favor of Mary Wells and Bradley Wells.

■ The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.[3]

## II

We first consider whether the doctrine of res judicata bars this separate suit to determine the validity of the attorney's lien. Second, we consider the validity of the attorney's lien against the IRA.

## A

■ "[R]es judicata is a question of law." *Americana Healthcare Center v. North Dakota Dep't of Human Serv.*, 513 N.W.2d 889, 891 (N.D.1994). "We review questions of law de novo." *Botner v. Botner,* 545 N.W.2d 188, 190 (N.D.1996). "Res judicata, or claim preclusion, prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies, and which were resolved by final judgment in a court of competent jurisdiction." *Wetch v. Wetch,* 539 N.W.2d 309, 311 (N.D.1995); *Minex Resources, Inc. v. Morland,* 518 N.W.2d 682, 687 (N.D.1994); *see also K & K Implement, Inc. v. First Nat'l Bank,* 501 N.W.2d 734, 739 (N.D.1993) (a claim is barred by res judicata if the issue was " 'capable of being, and should have been, raised as part of the [prior] proceeding' " (quoting *Hofsommer v. Hofsommer Excavating, Inc.,* 488 N.W.2d 380, 385 (N.D.1992))).

■ "A bankruptcy court is a court of competent jurisdiction for res judicata purposes." *K & K Implement* at 738. Res judicata applies to subsequent claims brought by either the debtor or creditor. *See, e.g., Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474 (6th Cir.1992), *cert. denied,* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) (affirming dismissal of debtor's lender liability action as res judicata of the prior bankruptcy proceeding); *K & K Implement* (affirming dismissal of creditor's

---

ital property rights, and 'which creates or recognizes the existence of an alternate payee's right to ... receive all or a portion of the benefits payable with respect to a participant under a plan.' " *Tolstad v. Tolstad,* 527 N.W.2d 668, 670–71 (N.D.1995) (quoting 29 U.S.C. § 1056(d)(3)(B)).

**2.** "Rolling over" is a banking term referring to "transfer or reinvestment of funds from one type of investment to another." Black's Law Dictionary 1330 (6th ed. 1990).

**3.** Chapman appeals from a memorandum opinion granting Mary Wells' and Bradley Wells'

separate motions for summary judgment. "Although the memorandum opinion itself is not appealable, an attempted appeal from an order or memorandum decision will be treated as an appeal from a subsequently entered consistent judgment, if one exists." *Zueger v. Carlson,* 542 N.W.2d 92, 94 n. 2 (N.D.1996); *see also Zimprich v. Broekel,* 519 N.W.2d 588, 590 n. 3 (N.D.1994). The record contains a subsequent judgment entered on June 7, 1996. The judgment is consistent with the memorandum opinion; therefore, the appeal is properly before us.

action against debtor as res judicata of the prior bankruptcy proceeding). If the action enforcing the lien could have been raised in the bankruptcy proceeding, Chapman's subsequent suit would be barred by res judicata.

**1**

■■■ Chapman's action to enforce the attorney's lien in this case was not under the exclusive jurisdiction of the bankruptcy court. U.S. District Courts have exclusive and original jurisdiction of all cases under the bankruptcy code. 28 U.S.C. 1334(a). An action to enforce an attorney's lien created by state statute exists separate from a bankruptcy proceeding. *See In re Marriage of Berkland*, 762 P.2d 779, 782 (Colo.App.1988) (recognizing "the lien would have been enforceable in the dissolution action upon [the attorney's] withdrawal"). Chapman's attorney's lien exists outside the bankruptcy code. The lien arose under N.D.C.C. § 35–20–08. Jurisdiction of the bankruptcy court is not exclusive.

■■■ U.S. District Courts have "original but not exclusive jurisdiction" over civil proceedings "arising in or related to cases under title 11." 28 U.S.C. 1334(b). " '[A]rising in' proceedings are those that are not based on any right expressly created by Title 11, but nevertheless would have no existence outside of bankruptcy." Bankruptcy Service, L.Ed. § 2C:11. A case "arises under" Title 11 if it is the "type of proceeding typically associated with bankruptcy adjudication." Bankruptcy Service, L.Ed. § 2C:10. While the proceeding need not be based on any right expressly created by Title 11, to "arise in," the proceeding would have no existence outside bankruptcy. Bankruptcy Service, L.Ed. § 2C:10. A "related proceeding" is one in which the "outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the estate." Bankruptcy Service, L.Ed. § 2C:14.

■■■ The terms "core" and "non-core" are used in 28 U.S.C. § 157. Core proceedings are those which "arise[ ] under" or "arise[ ] in" the bankruptcy proceeding. 9 Am.Jur.2d *Bankruptcy* § 457 (1991). Non-core are those which do not "invoke substantive rights provided by title 11 and are not central to bankruptcy court's function in administering the estate of the debtor." *J.T. Moran Fin. Corp. v. Phonetel Techs. (In re J.T. Moran Fin. Corp.)*, 119 B.R. 447, 451 (Bankr.S.D.N.Y.1990).

■■■ A state-law cause of action affecting the amount of property available for distribution to creditors is a "related" proceeding under 28 U.S.C. § 157(c)(1). *In re J.T. Moran Fin. Corp.* "[A] proceeding involving the adjudication of rights created by state law, not merely traditionally adjudicated under state common law, is not core." 9 Am. Jur.2d *Bankruptcy* § 458 (1991). However, "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157.

**2**

■■■ In this case, the bankruptcy court concluded "the status of such attorney's lien would not affect the property of the estate as to the claims of creditors, due to the Debtor's claim of exemption." The bankruptcy court specifically deferred to state law for determination of the validity of the lien. "We will ordinarily give effect to bankruptcy court decisions as a matter of comity to avoid the prospect of 'the state and federal courts … reaching different results, ultimately resulting in unseemly and unnecessary conflict as each properly sought to enforce its determinations.' " *North Dakota Public Service Commission v. Woods Farmers Coop. Elevator Co.*, 488 N.W.2d 860, 863 (N.D.1992) (quoting *NoDak Bancorporation v. Clarkson*, 471 N.W.2d 140, 144 (N.D.1991)).[4]

4. If the property at issue in this case had not been exempt, this may have been a core proceeding under 28 U.S.C. § 157. *See In re A. Tarricone, Inc.*, 76 B.R. 53 (Bankr.S.D.N.Y.1987) (suit to enforce an attorney's lien on a settlement award is a core proceeding under 28 U.S.C. 157(b)(2)(A)). If the lien had arisen under an expressed agreement, the action to enforce it may be a core proceeding even though the property was exempt. *See Hill v. Anderson (In re Anderson)*, 95 B.R. 506 (Bankr.S.D.Ohio 1988) (attorney's lien against 20 percent of debtor's

In *K & K Implement*, we concluded a creditor who fails to object to classification as an unsecured creditor cannot bring a subsequent action in state court claiming security in the debtor's property. In that case, however, the bankruptcy court did not defer to the state court for determination of the creditor's security in the debtor's property. On the contrary, the bankruptcy court specifically said the creditor's motion to determine its status was barred by res judicata. *K & K Implement* at 736. Thus, we distinguish *K & K Implement* from this case.

■ "[I]t is more appropriate to have a state court hear a particular matter of state law." Bankruptcy Service, L.Ed. § 2C:18. State law governs the "validity, nature and effect of a lien." *In re Sea Catch, Inc.*, 36 B.R. 226 (Bankr.D.Alaska 1983) (citing *Meyer v. United States*, 375 U.S. 233, 238, 84 S.Ct. 318, 321–22, 11 L.Ed.2d 293 (1963)); *see also In re Anderson* at 508; *In re Marriage of Berkland* at 782; *Saltarelli & Steponovich v. Douglas*, 40 Cal.App.4th 1, 46 Cal.Rptr.2d 683, 686 (4 Dist.1995). "The federal courts must follow state law regarding attorney's liens." *Rubel v. Brimacombe & Schlecte, P.C.*, 86 B.R. 81, 83 n. 2 (E.D.Mich.1988). Therefore, this action to enforce the attorney's lien is not barred by res judicata.

### III

■ "Summary judgment allows disposal of a controversy if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result." *Osterman–Levitt v. MedQuest, Inc.*, 513 N.W.2d 70, 72 (N.D.1994).

### A

■ Under 29 U.S.C. § 1056(d)(1), a 401K governed by the Employee Retirement Income Security Act of 1974 (ERISA) is "exempt from garnishment or attachment without limitation irrespective of whether the debtor reasonably needs the income." *Estate of Jones by Blume v. Kvamme*, 529 N.W.2d 335, 339 (Minn.1995) (citing *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990)).

■ Prior to the bankruptcy filing, Bradley Wells' employer rolled over the 401K into an IRA. At the time Mary Wells filed bankruptcy, she claimed the IRA as exempt. After the bankruptcy filing, Chapman filed notice of the attorney's lien. Chapman conceded at oral argument the lien could not have attached to the 401K because it was claimed as exempt.[5] Chapman argues when the 401K was rolled over into the IRA, it was no longer afforded the same protection. We conclude the status of the property changed when it was rolled over into an IRA.

Under N.D.C.C. § 28–22–03.1:

"In addition to the exemptions from all attachment or process, levy and sale upon execution, and any other final process issued from any court, otherwise provided by law, a resident of the state may select.... (3) Pensions, annuity policies or plans, and life insurance policies which, upon the death of the insured, would be payable to the spouse, children, or any relative of the insured dependent, or likely to be dependent, upon the insured for support and which have been in effect for a period of at least one year; individual retirement accounts; Keogh plans and simplified employee pension plans; and all other plans qualified under section 401 of the Internal Revenue Code ... to one hundred thousand dollars for each pension, policy, plan, account."

■ Both ERISA and North Dakota law provide an exemption for 401K plans. "ERISA preempts state laws which 'relate to' any employee benefit plan." *Tolstad* at 670. Under ERISA, the 401K would have been exempt to an unlimited amount. 29

---

workers compensation benefits is a core proceeding under 28 U.S.C. 157(b)(2)(K) and (O)).

**5.** Bradley Wells obtained the 401K through his employer. In the divorce proceeding, the 401K was considered a marital asset. *See Welder v. Welder*, 520 N.W.2d 813 (N.D.1994) (a pension plan is a marital asset). As such, it is a 401K with respect to Mary Wells and she can claim it as exempt.

U.S.C. § 1056(d)(1). Chapman argues because the 401K was rolled over into an IRA, the fund is no longer exempt from attachment. In this case, the property was an IRA—not a 401K—on the date of bankruptcy filing. Therefore, we consider whether the IRA was exempt from the attorney's lien. *See* 11 U.S.C. 522(b)(2)(A) and (B) (exemptions are claimed on the date of filing).

 As Chapman argues and the Minnesota Supreme Court has held, the 401K loses protection from attachment under ERISA when rolled over into an IRA. In *Kvamme,* the Minnesota Supreme Court said "we have considered whether funds originating from an ERISA qualified plan that are subsequently rolled over into an IRA continue to be protected from attachment or garnishment through ERISA anti-alienation provisions. We hold they do not." *Kvamme* at 339 n. 4 (citations omitted). When the 401K is rolled over, however, it is not without protection from attachment. See *Kvamme* at 339. The Minnesota Supreme Court held "plans governed by ERISA will continue to be entirely exempt, whereas plans not covered by ERISA, like an IRA, will only be exempt up to" an amount provided by state law. *Kvamme.*

N.D.C.C. § 28–22–03.1 exempts IRAs up to one hundred thousand dollars plus any amount "reasonably necessary for the support of the resident and that resident's dependents." The IRA in this case was listed in Schedule C of the bankruptcy petition at an estimated value of $50,000. Because the value of the IRA did not exceed the maximum value provided under North Dakota law, the entire value of the IRA continued to be exempt, not under ERISA, but under North Dakota law.

## B

 Exempt property is not subject to "attachment or mesne process and from levy and sale upon execution and from any other final process issued from any court." N.D.C.C. § 28–22–01. The protection for ex-

empt property, however, is not absolute. The exemptions provided in N.D.C.C. § 28–22–03.1 are "not exempt from enforcement of any order to pay spousal support or child support," or certain qualified domestic relations orders. None of these exceptions apply to this case. If an attorney and client expressly agree the attorney's fees will be paid out of otherwise exempt property, the attorney's lien will attach to that property. *See In re Anderson* at 509 (the claim of exemption does not affect the enforceability of a common law, consensual lien). There was not an express agreement in this case. If the debt was incurred under false pretenses, the IRA may not be exempt. *See Mees v. Ereth,* 492 N.W.2d 72, 74 (N.D.1992) (recognizing "only absolute exemptions for debtors whose debt was incurred for property obtained under false pretenses"). The record does not contain any evidence of fraud.

 Chapman argues not enforcing the lien on the IRA would defeat the purpose of the attorney's lien statute. "[T]he object sought by the legislature [ ] is to furnish security to attorneys for their efforts by giving them a lien upon the subject of the action." *In re Sea Catch* at 234 (quoting *Phillips v. Jones,* 355 P.2d 166, 172 (Alaska 1960)); *see also Daddy's Money of Clearwater, Inc. v. Winick (In re Daddy's Money of Clearwater, Inc.),* 155 B.R. 788, 791 (Bankr.M.D.Fla.1993) ("[a]n attorney's charging lien is the right of an attorney to have the expenses and compensation due him for his services in a suit secured in the judgment, decree or award for his client"). However, "[t]he policy underlying exemption of retirement income from creditors reflects a well founded desire of the legislature to insure that debtors, despite their debts, will nevertheless have a reasonable means to support themselves and their dependents." *Kvamme* at 339. We conclude the attorney's lien did not attach to the IRA in this case.[6]

## IV

Chapman also argues Bradley Wells is liable under N.D.C.C. § 35–20–08, which pro-

---

6. Mary Wells also argued Chapman's filing of the lien subsequent to her bankruptcy filing violated the automatic stay and is therefore void. Because we agree the property is exempt and the lien could not attach to it, we do not decide if perfection of the lien relates back to the time Chapman's services were rendered.

vides "[a]n attorney has a lien for a general balance of compensation in and for each case upon.... (3) Money due his client in the hands of the adverse party." Because the IRA is not subject to the attorney's lien, summary judgment for Bradley Wells was proper.

## V

We conclude, as a matter of law, the IRA was exempt from attachment under N.D.C.C. § 28–22–03.1. Summary judgment dismissing Chapman's claims against both Mary Wells and Bradley Wells is affirmed.

VANDE WALLE, C.J., NEUMANN and MARING, JJ., and JAMES H. O'KEEFE, Surrogate Judge, concur.

JAMES H. O'KEEFE, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.