**In re Dale E. BARLAGE, Debtor.**

**Bankruptcy No. 4–90–1935.**

United States Bankruptcy Court,
D. Minnesota.

Nov. 21, 1990.

James A. Lodoen, Lindquist & Vennum, Minneapolis, Minn., for debtor.

G. Martin Johnson, Johnson & Wentzell, Minneapolis, Minn., for trustee.

James P. Michels, Best & Flanagan, Minneapolis, Minn., for Park Nat. Bank.

## ORDER ALLOWING EXEMPTION

ROBERT J. KRESSEL, Chief Judge.

This case came on for hearing on the objections of the trustee and Park National Bank to the debtor's claim of exemption of approximately $68,000.00 in an individual retirement account. G. Martin Johnson appeared on behalf of the trustee, James Michels appeared for the bank and James A. Lodoen appeared for the debtor. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 103(b). This is a core proceeding under § 157(b)(2)(B). Based on the memoranda and arguments of counsel, and the file in this case, I make the following memorandum order.

## FACTUAL BACKGROUND

The debtor filed his Chapter 7 petition on April.10, 1990. He claimed an individual retirement account as exempt pursuant to Minn.Stat. § 550.37, subd. 24. At the time the debtor filed his petition, the IRA had a balance of approximately $68,000.00 made up of interests from certain stock transactions. The trustee and the bank objected to various exemption claims including the debtor's IRA.

## DISCUSSION

The dispute in this matter focuses on whether the debtor's IRA qualifies as exempt property under Minn.Stat. § 550.37, subd. 24.

The objections of the trustee and the bank are based on two arguments. First, they argue that the relevant portion of the Minnesota exemption statute is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a). Second, they argue that the relevant portion of the Minnesota statute is unconstitutional since it lacks any limitation as to the amount that may be exempted.

## PREEMPTION

Generally, when a petition is filed all legal or equitable interests of the debtor in property become property of the estate. 11 U.S.C. § 541. The debtor may then chose either bankruptcy or nonbankruptcy exemptions and claim certain property as exempt from the property of the estate. 11 U.S.C. § 522.

In this case, the debtor chose the non-bankruptcy exemptions, specifically the statutory exemptions under Minnesota Statutes. The debtor claims his IRA is exempt under Minn.Stat. § 550.37, which provides in·relevant part:

Subd. 1. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court.

\*       \*       \*       \*       \*       \*

Subd. 24. Employee benefits. The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age or length of service:

(1) to the extent the plan or contract is described in section 401(a), 403, 408, or

457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or

(2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

Minn.Stat. § 550.37, subd. 1 & 24.

The trustee and the bank argue that the debtor cannot claim the IRA as exempt under Minn.Stat. § 550.37, subd. 24(1) because it is preempted by ERISA, 29 U.S.C. § 1144. The preemption provision of ERISA, section 1144, provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). Section 1003(a) describes the employee benefit plans that section 1144 affects. Section 1003(a) provides:

Except as provided in subsection (b) of this section and in sections 1051, 1081, and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained—

(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or

(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

(3) by both.

29 U.S.C. § 1003(a). In addition, § 1002 defines an "employee benefit plan" as an "employee welfare benefit plan or an employee pension benefit plan." 29 U.S.C. § 1002(3). Although employee pension and welfare benefit plans provide for different benefits, both plans are similarly defined as any "plan, fund, or program which ... is hereafter established or maintained by an employer or by an employee organization." 29 U.S.C. § 1002(1) & (2).

An IRA is not established or maintained by an employer or employee organization. An IRA is self-funded by an individual for the exclusive benefit of that individual or that individual's beneficiaries. 26 U.S.C. § 408. In fact, the definition portion of ERISA expressly excludes IRAs from coverage under ERISA. 29 CFR § 2510.3–2(d)(1).

Since the debtor's IRA does not fit within the definition of an employee benefit plan, and is expressly excluded from coverage under ERISA, the preemption language of § 1144 does not apply and Minn.Stat. § 550.37, subd. 24 is not preempted by ERISA, at least as to IRAs.[1]

## CONSTITUTIONALITY

■ The trustee and the bank also argue that Minn.Stat. § 550.37, subd. 24 violates Article I, Section 12 of the Minnesota Constitution which provides among other things that:

A *reasonable amount* of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const. art. I § 12 (emphasis added). There has been a recent series of cases in Minnesota that have dealt with this language in relation to the constitutionality of exemptions and the requirement that an exemption be limited to a reasonable amount. The Minnesota Supreme Court, in deciding the first case in the series, found the exemption for Fraternal Benefit Society benefits unconstitutional. It went on to say:

---

1. § 550.37, subd. 24 is preempted to the extent it purports to exempt ERISA qualified plans. *In re Fritsvold,* 115 B.R. 192 (Bktcy.D.Minn.1990).

[I]t does not follow that just because the "reasonable amount" language of the constitution requires some value limitation, that it requires a specific value limit. For example, the section governing employee benefits only exempts those benefits 'to the extent reasonably necessary for the support of the debtor and any dependent of the debtor'. Minn.Stat. § 550.37, subd. 24 (1986). This type of limitation clearly passes constitutional scrutiny because it requires a court to limit the size of the exemption based upon objective criteria.

*In re Tveten*, 402 N.W.2d 551, 558 (Minn. 1987).

*Tveten* was decided on March 27, 1987. In 1988 Minn.Laws Ch. 490, § 4, the Minnesota Legislature amended § 550.37, subd. 24, by deleting the last clause limiting the exemption to the amount reasonably necessary for the support of the debtor and any dependent of the debtor, the very language which the supreme court, a year earlier, said made that section constitutional. The amendment was effective April 12, 1988.

The bankruptcy court found that once amended, the employee benefits exemption was unconstitutional since the exemption was no longer limited to a reasonable amount. *In re Netz*, 91 B.R. 503 (Bktcy.D. Minn.1988).

On June 1, 1989, in response to the *Netz* decision, the Minnesota Legislature again amended Minn.Stat. § 550.37, subd. 24, to read as presently codified, and made it retroactive to April 12, 1988.[2]

The Minnesota Supreme Court dealt with a constitutionality question again in *In re Haggerty*, which dealt with a challenge to Minnesota homestead exemption laws. The court in *Haggerty*, referring to *Tveten*, stated that "[i]f an exemption has no limit of any kind, then it is unconstitutional. On the other hand, an exemption with a dollar, an objective, or a statutory 'to the extent reasonably necessary' limit is a proper legislative determination of reasonableness."

*In re Haggerty*, 448 N.W.2d 363, 366 (Minn.1989).

In the present case, the debtor argues that the exemption for his IRA is within the constitutional limitation requirements set out in *Tveten*, and *Haggerty*. The debtor argues the objective or dollar limitation to the exemption comes from 26 U.S.C. § 408(a)(1) which limits the annual contributions to IRAs to $2,000.00 per year.

The requirements for a valid IRA are laid out in 26 U.S.C. § 408(a). The first requirement states:

(1) Except in the case of a rollover contribution described in subsection (d)(3) in section 402(a)(5), 402(a)(7), 403(a)(4), or 403(b)(8), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year in excess of $2,000.00 on behalf of any individual.

26 U.S.C. § 408(a)(1).

The trustee and the bank argue that although 26 U.S.C. § 408(a)(1) limits the annual contribution to an IRA to $2,000.00, there is no limit to the amount one can rollover into an IRA and no limit to the total amount one can accumulate in the account, therefore, Minn.Stat. § 550.37, subd. 24 must be unconstitutional.

Both *Tveten* and *Haggerty*, require that statutory exemption language include some kind of objective criteria limiting the exemption to a reasonable amount but specifically state that the limitation need not be a dollar amount. § 408(1)(a) limits the amount of actual contributions to an IRA by a dollar amount, $2,000.00 per individual per year. Therefore, Minn.Stat. § 550.37, subd. 24, as it applies to IRAs that do not include rollovers, is limited by objective criteria within the holdings of *Tveten* and *Haggerty*. § 408(a)(1) prevents unlimited contributions to an IRA. This in turn limits the amount that an individual can accumulate in an IRA. How an individual chooses to invest the money once it is in an IRA does not change this result. Admittedly, the total amount accrued will vary accord-

**2.** The attempt to make the amendment retroactive has constitutional problems of its own which do not exist here.

356

ing to the investment, but in any case the total is limited by the amount that can be invested.

The ability to rollover funds into an IRA from other retirement plans poses a different problem which is not present here and which I need not address.

■ In making this decision I am mindful of the deference that should be given to the legislature. Duly enacted statutes are presumed constitutional unless a party challenging the statute can demonstrate beyond a reasonable doubt that the statute violates some provision of the Minnesota constitution. *In re Tveten,* 402 N.W.2d at 556. This is especially true here. The legislature was aware of the constitutional problem and intentionally crafted the current version of subd. 24 with the constitutional requirements in mind. The legislature's exercise of its constitutional mandate to determine the amount of exemption should not be overturned lightly.

The $2,000.00 limitation set out in 26 U.S.C. § 408(a)(1) satisfies the constitutional requirement that all exemptions be limited to a reasonable amount. Therefore, I find that Minn.Stat. § 550.37, subd. 24, is constitutional as it relates to IRAs that do not include rollovers under 26 U.S.C. § 408.

THEREFORE, IT IS ORDERED:

The debtor's exemption of his individual retirement account is allowed.