**CITY OF LAKE ELMO, Petitioner, Appellant,**

v.

**The MINNESOTA MUNICIPAL BOARD, Respondent.**

**No. C8–91–355.**

Court of Appeals of Minnesota.

Sept. 10, 1991.

Jerome P. Filla, Peterson, Franke & Riach, St. Paul, for petitioner-appellant.

Hubert H. Humphrey, III, Atty. Gen., Kenneth E. Raschke, Jr., Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

PETERSON, Judge.

The City of Lake Elmo appeals from a district court order dismissing its appeal from a municipal board order as untimely. We affirm.

## FACTS

Respondent Minnesota Municipal Board issued an order dated October 31, 1990 that detached certain property from appellant City of Lake Elmo and annexed the property to the City of Oakdale. The effective date of the order was November 7, 1990. Lake Elmo filed an application for review of the board's order in the district court on December 6, 1990, 29 days after the order became effective and 36 days after the order was issued. The district court dismissed the appeal as untimely.

## ISSUE

Did the district court properly dismiss Lake Elmo's appeal from the municipal board order as untimely?

## ANALYSIS

Statutory construction is a question of law. *Can Mfrs. Institute, Inc. v. State*, 289 N.W.2d 416, 425 (Minn.1979). This court need not defer to the trial court's conclusions when reviewing questions of law. *Frost–Benco Elec. Ass'n. v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Minn.Stat. § 414.07, subd. 2 (1990) provides that an application for review of a Minnesota municipal board order shall be filed in the district court "within 30 days of the order." The trial court concluded the application for review must be filed within 30 days of the issuance of the order. Lake Elmo does not dispute that the order was issued on October 31, 1990. Instead, Lake Elmo contends the 30-day appeal period does not begin running until the order becomes effective.

An appeal from a municipal board order must be made upon one of the following grounds:

(a) that the board had no jurisdiction to act;

(b) that the board exceeded its jurisdiction;

(c) that the order of the board is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected; or

(d) that the order is based upon an erroneous theory of law.

Minn.Stat. § 414.07, subd. 2.

Each of these grounds becomes ripe for appeal when the board issues its order. Whether there are grounds for an appeal is not affected by the order's effective date. Here, the board issued its order on October 31, 1990. If there are grounds for an appeal under section 414.07, Lake Elmo had notice of the grounds when the order was issued. We find no basis for delaying commencement of the appeal period until the

effective date of the order. This analysis is consistent with the approach adopted by our supreme court in Title VII employment discharge cases. *See Turner v. IDS Financial Servs., Inc.*, 471 N.W.2d 105, 108 (Minn.1991) (illegal act occurs when notice of termination is given, not when termination becomes effective).

Lake Elmo argues that even if untimely, its appeal should be permitted in the interests of justice. We disagree. Legislatively created rights and procedures governing disputes are jurisdictional and are not subject to judicially created exceptions or modifications. *See Flame Bar, Inc. v. City of Minneapolis*, 295 N.W.2d 586 (Minn.1980) (district court without jurisdiction to hear untimely appeal from agency decision).

## DECISION

The trial court properly dismissed Lake Elmo's appeal as untimely because it was not filed within 30 days after issuance of the municipal board order.

Affirmed.