**ESTATE OF Emlyn JONES, Deceased, by Lorraine J. BLUME, its Personal Representative, Respondent,**

v.

**J. Peder KVAMME, et al., Appellants.**

**No. CX–93–944.**

Court of Appeals of Minnesota.

Dec. 28, 1993.

Review Granted March 22, 1994.

Daniel P. Taber, Minneapolis, Kevin O'Connor Green, Green Law Office, Mankato, for respondent.

Bailey W. Blethen, Kevin M. Connelly, Blethen, Gage & Krause, Mankato, for appellants.

Considered and decided by ANDERSON, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

ANDERSON, Chief Judge.

Respondent Lorraine Blume, acting in her capacity as personal representative of the estate of Emlyn Jones, served a garnishment notice on Dain Bosworth, Inc. (Dain) in an attempt to satisfy a judgment against appellant Peder Kvamme. Kvamme claimed that his Dain assets were exempt under Minn. Stat. § 550.37, subd. 24 (1990). The trial court disallowed the exemption. On appeal, this court reversed and allowed the exemption. On further review, the Minnesota Supreme Court remanded the case for a determination of the constitutionality of Minn.Stat. § 550.37, subd. 24. The trial court held that a $51,900 "rollover" account held by Dain was not exempt because Minn.Stat. § 550.37, subd. 24 violated the constitution and the funds were not necessary for Kvamme's support. We affirm in part and reverse in part.

## FACTS

This case is the latest in a series of cases brought against appellant Kvamme by respondent Lorraine Blume as personal representative of Emlyn Jones' estate. In 1987, Blume prevailed on a fraudulent misrepresentation claim against Kvamme, winning a $678,367.68 judgment. *Estate of Jones v. Kvamme,* 430 N.W.2d 188 (Minn.App.1988), *aff'd,* 449 N.W.2d 428 (Minn.1989). In April 1991, Blume, in an effort to collect this judgment, served a garnishment notice on Kvamme's financial institution, Dain.

Kvamme generated the assets held by Dain through his interest in a qualified company profit sharing plan, which interest amounted to $110,311.87. When the plan was terminated, Kvamme "rolled" the funds over to a qualified IRA account at National Bank of Commerce/MidAmerica (NBC). In 1983, a portion of this money was transferred to an IRA account with Dain (Dain IRA), and on March 1, 1991, Kvamme transferred additional money to Dain from his NBC IRA. Using the funds from the March 1 transfer, Dain purchased shares in the Franklin Fund on Kvamme's behalf. Kvamme's interest in the Franklin Fund was $51,900. It is undisputed that the Franklin Fund is a qualified rolled over individual retirement account.

Upon receiving the garnishment notice, Dain disclosed that it held "approximately $47,000" (the amount of the Dain IRA), but failed to disclose the $51,900 in the Franklin Fund. In response to the garnishment notice and following Dain's disclosure, Kvamme claimed that all funds held by Dain were exempt under Minn.Stat. § 550.37, subd. 24, and identified the exempt amount as "approximately $47,000." In July 1991, Dain amended its disclosure to include the $51,900 held in the Franklin Fund. After the amended disclosure, the total value of Kvamme's holdings with Dain was identified as approximately $104,300.

The trial court held the $47,000 in the Dain IRA was not exempt from garnishment or attachment under Minn.Stat. § 550.37, subd. 24(1) and (2) (1990). This court reversed and held that the Dain IRA was exempt from garnishment or attachment. *Estate of Jones*

*v. Kvamme,* 481 N.W.2d 94 (Minn.App.1992). This court, however, did not address whether the $51,900 in the Franklin Fund was exempt because the trial court had not reached the issue. Blume petitioned the Minnesota Supreme Court for review of the constitutional issues raised on appeal, and the supreme court ordered this court to remand the decision for a determination on the constitutionality of the statute. *Estate of Jones v. Kvamme,* 484 N.W.2d 33 (Minn.1992).

On remand, the trial court held that the $51,900 in the Franklin Fund was not exempt from garnishment or attachment by Blume for two reasons: (1) Minn.Stat. § 550.37, subd. 24(1) (1990) violated Minn. Const. art. I, § 12 and art. XII, § 1; and (2) the money was not reasonably necessary for the support of Kvamme, his spouse or his dependents under Minn.Stat. § 550.37, subd. 24(2) (1990). On this appeal, Kvamme argues that the statute is constitutional and that the $51,900 in the Franklin Fund is exempt from garnishment or attachment under the statute. We reverse the trial court and find that Blume has not demonstrated beyond a reasonable doubt that the statute violates the Minnesota Constitution. We affirm the trial court's finding that the funds in the Franklin Fund are not reasonably necessary to support Kvamme, his spouse or his dependents.

## ISSUES

I. Is Minn.Stat. § 550.37, subd. 24(1) (1990), which exempts certain retirement accounts and their resulting "rollover" accounts from garnishment or attachment, violate the "reasonable amount" requirement of Minn. Const. art. I, § 12, when the statute as applied exempts $51,900 from garnishment by a judgment creditor?

II. Does Minn.Stat. § 550.37, subd. 24(1) (1990), which exempts certain retirement accounts and their resulting "rollover" accounts from garnishment or attachment, violate Minn. Const. art. XII, § 1, which prohibits special laws where general laws apply?

III. Did the trial court err by determining that the $51,900 contained in Kvamme's Franklin Fund is not reasonably necessary for his support and the support of his wife or dependents?

## ANALYSIS

We first address whether Minn. Stat. § 550.37, subd. 24(1) (1990) violates the Minnesota Constitution. Statutory construction is a question of law and this court need not defer to the trial court's conclusions when reviewing questions of law. *City of Lake Elmo v. Minnesota Mun. Bd.,* 474 N.W.2d 450, 451 (Minn.App.1991). Statutes are presumed constitutional and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989) (citing *City of Richfield v. Local No. 1215,* 276 N.W.2d 42, 45 (Minn.1979)). The party challenging a statute must prove beyond a reasonable doubt that it violates the Minnesota Constitution. *McGuire v. C & L Restaurant, Inc.,* 346 N.W.2d 605, 611 (Minn.1984); *Evenson v. City of St. Paul Bd. of Appeals,* 467 N.W.2d 363, 365 (Minn.App.1991) (citations omitted).

### I. *Reasonable amount requirement*

The Minnesota Constitution provides that a debtor may exempt only a reasonable amount of property from garnishment or attachment.

A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const. art. I, § 12.

Minnesota law permits a debtor to exempt from garnishment or attachment certain retirement accounts and the accounts resulting from "rollovers" of the original retirement accounts. The applicable statute exempts:

The debtor's right to receive present or future payments, or payments received by the debtor, under * * * [an] *individual retirement account,* * * *:

(1) to the extent the plan or contract is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986 [I.R.C.], as amended, or payments made under the plan or contract are or will be rolled over provided in section 402(a)(5),

403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986 as amended; or

(2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000 and additional amounts under all plans and contracts *to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.*

Minn.Stat. § 550.37, subd. 24 (1990) (emphasis added).[1]

■ After considering the facts of this case, the trial court found that clause (1) of the statute violated the Minnesota Constitution. We disagree. Minnesota law provides that where the amount exempt from garnishment or attachment has an objective limit, the exemption is valid under the constitution.

If an exemption has no limit of any kind, then it is unconstitutional. On the other hand, an exemption with a dollar, *an objective,* or a statutory "to the extent reasonably necessary" limit is a proper legislative determination of reasonableness.

*Haggerty,* 448 N.W.2d at 366 (emphasis added); *see In re Tveten,* 402 N.W.2d 551, 558 (Minn.1987) ("reasonable amount" requirement is satisfied by statutory language limiting exemption by objective criteria).

The Federal Bankruptcy Court for the District of Minnesota recently found clause (1) constitutional. *In re Barlage,* 121 B.R. 352 (Bankr.D.Minn.1990). The *Barlage* court found that exemptions under clause (1) are limited by the objective criteria found in I.R.C. § 408(a)(1) which permits IRA contributions of $2,000 per individual per year. The court reasoned that:

Both *Tveten* and *Haggerty* require that statutory exemption language include some kind of objective criteria limiting the exemption to a reasonable amount but specifically state that the limitation need not be a dollar amount. § 408(a)(1) limits the amount of actual contributions to an IRA by a dollar amount, $2,000 per individual per year. Therefore, Minn.Stat. § 550.37, subd. 24, * * * is limited by objective cri-

teria within the holdings of *Tveten* and *Haggerty.* § 408(a)(1) prevents unlimited contributions to an IRA. This in turn limits the amount that an individual can accumulate in an IRA. How the individual chooses to invest the money once it is in an IRA does not change this result. Admittedly, the total amount accrued will vary according to the investment, but in any case, the total is limited to the amount that can be invested.

*Id.* at 355–56. Like the bankruptcy court in *Barlage,* we find that the I.R.C. provisions cited in clause (1) provide objective limitation criteria which prevent unlimited contributions to qualified retirement accounts.

■ In *Haggerty,* the supreme court upheld Minnesota's unlimited homestead exemption although the homestead exemption provision did not specify a dollar or value amount limiting the property exempted. *Haggerty,* 448 N.W.2d at 368. In determining that clause (1) is unconstitutional, the trial court distinguished *Haggerty* based upon the type of property exempted. We do not find the trial court's rationale persuasive. The trial court noted that the homestead exemption carries with it "strong social policies" that permit an unlimited exemption for the homestead, *id.* at 367, which presumably were not as strong in the retirement savings area. We find similar strong social policies—such as promoting saving for retirement—to support an exemption for retirement savings accounts.

We conclude that the objective limitations in clause (1) and that the strong social policies involved support the constitutionality of the statute, and that Blume has not demonstrated beyond a reasonable doubt that the clause violates the Minnesota Constitution. Accordingly, we reverse the trial court on this issue.

II. *Special legislation*

■ We next address the constitutionality of clause (1) under Minn. Const. art. XII,

---

1. The I.R.C. sections cited in Minn.Stat. § 550.-37, subd. 24 (1990) generally apply to retirement accounts that qualify for tax-exempt status and to the treatment of any resulting rollover accounts.

These original accounts and their rollovers must comply with certain criteria in order to enjoy tax-exempt status.

§ 1. This article provides that the legislature shall not make special laws when existing general laws apply:

> In all cases when a general law can be made applicable, a special law shall not be enacted * * *. Whether a general law could have been made applicable in any case shall be judicially determined without regard to any legislative assertion on that subject.

Minn. Const. art. XII, § 1. The trial court found that clause (1) violated section one by arbitrarily distinguishing between tax exempt benefit plans and similar nonexempt plans. We disagree.

The trial court relied on *In re Tveten*, 402 N.W.2d 551, where the supreme court distinguished general and invalid special legislation:

> A law will be considered to be general if the class to which it applies justifies a statute peculiar to the class in the matters addressed in the law, but if the classification is so patently arbitrary as to demonstrate constitutional evasion, the courts will void the enactment.

*Id.* at 558 (citations omitted). In *Tveten,* the Minnesota Supreme Court held that two statutes distinguishing annuities purchased from fraternal organizations and those purchased from nonfraternal organizations were unconstitutional. *Id.* at 560. The court found that the only distinction between the two classifications was the origin of the account and that this distinction was not adequate to withstand the constitutional prohibition against special legislation. *Id.* at 559.

A classification will be deemed constitutional

> if (a) the classification applies to and embraces all who are similarly situated with respect to conditions or wants justifying appropriate legislation; (b) the distinctions are not manifestly arbitrary or fanciful but are genuine and substantial so as to provide a natural and reasonable basis justifying the distinction; and (c) there is an evident connection between the distinctive

needs peculiar to the class and the remedy or regulations therefor which the law purports to provide.

*Id.* at 558–59 (citations omitted).

Applying this test, the trial court in this case found that Minn.Stat. § 550.37, subd. 24(2) exempted all retirement plans up to $30,000,[2] plus an amount "reasonably necessary" for the support of the debtor, his spouse or dependents, while clause (1) exempted only those funds falling under specific I.R.C. sections that provided favorable tax status for qualified retirement accounts and for amounts rolled over from these accounts. The trial court concluded that the legislature had drawn improper classifications in clause (1).

We agree that clause (1) treats qualified tax-exempt retirement funds differently from nonexempt retirement funds, but find a rational basis for the distinction. Both Congress and the Minnesota Legislature have expressly resolved to promote saving for retirement. Towards this end, the federal government has promulgated tax regulations under which a person may enjoy specific tax benefits if certain criteria are met. *See generally* I.R.C. §§ 401, 402, 403, 408, 457 (1986). (These criteria include qualified tax-exempt savings deposits with limited access prior to a specified retirement age.) The State of Minnesota has elected to promote this practice of saving for retirement by emulating the federal tax code and exempting federally qualified tax-exempt funds from taxation. *See* Minn.Stat. § 290.01, subd. 19, 20 (1990) (defining net and gross state taxable income). Minnesota also has chosen to promote tax-exempt retirement savings by exempting these funds from garnishment or attachment. Minn.Stat. § 550.37, subd. 24.

Because nonexempt retirement funds do not require long-term savings or restrictions on accessing money prior to retirement, they are distinguishable from qualified tax-exempt retirement funds. We find that these strong policy considerations support the disparate treatment of nonexempt retirement and qualified tax-exempt retirement funds. Thus, the

---

**2.** Minn.Stat. § 550.37, subd. 24(2) provides that $30,000 is exempt. This amount is indexed pur-

suant to § 550.37, subd. 4a(d) (1990).

different treatment of nonexempt retirement funds from qualified tax-exempt retirement funds qualified alone does not make clause (1) unconstitutional special legislation. Because these policy considerations are absent in *Tveten*, we find *Tveten* distinguishable. We reverse the determination of the trial court and conclude that clause (1) is not invalid special legislation and does not violate Minn. Const. art. XII, § 1.[3]

### III. *Factual determination under Minn. Stat. § 550.37, subd. 24(2) (1990)*

 On appeal, Kvamme argues that the trial court clearly erred in determining that the $51,900 in the Franklin Fund was not reasonably necessary for his support. On appeal from a judgment, this court is limited to deciding whether the trial court's findings of fact are clearly erroneous and whether it erred in its legal conclusions. Minn.R.Civ.P. 52.01; *Citizens State Bank of Hayfield v. Leth*, 450 N.W.2d 923, 925 (Minn. App.1990). Clearly erroneous findings are those that are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Northern States Power Co. v. Lyon Food Prods., Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975). The debtor has the burden of establishing that funds are exempt from garnishment and attachment. *See* Minn. Stat. § 550.37, subd. 20 (1990).

Kvamme argues that the $51,900 in the Franklin Fund is necessary for his support. He also argues that the trial court improperly considered his wife's financial condition in determining his support needs. He has not, however, presented any evidence showing that his present income is insufficient to cover his needs and the needs of his spouse or dependents. Therefore, he has not shown that the court's decision was contrary to the manifest weight of the evidence.

The record shows that Kvamme earns at least $1,822.69 per month[4] and that his unencumbered homestead is worth approximately $200,000. The record also shows that Kvamme's wife has a net worth of over one million dollars and earned $100,000 in the previous year. Kvamme admits that he transferred a large portion of his assets to his wife in 1980 for estate planning purposes. Because Kvamme has not presented evidence showing that his present income is insufficient to cover his needs and the needs of his spouse or dependents, we find that the trial court's determination was amply supported by the evidence.

We agree with the trial court's determination that the $51,900 contained in the Franklin Fund is not reasonably necessary for the support of Kvamme and his wife or dependents. But, because we determined above that these funds are an exempt asset under clause (1), they are exempt from garnishment or attachment by Blume.

### DECISION

The trial court erred by concluding that Minn.Stat. § 550.37, subd. 24(1) violated the Minn. Const. art. I, § 12 "reasonable amount" requirement and the Minn. Const. art. XII, § 1 prohibition against special laws. Although the court correctly determined that the $51,900 contained in the Franklin Fund IRA is not reasonably necessary for the support of Kvamme and his wife or dependents, the funds are nevertheless exempt from garnishment or attachment under clause (1) of the statute.

**Affirmed in part, reversed in part.**

---

3. We note that the U.S. Supreme Court has held that federal law prohibits the garnishment of qualified retirement accounts in *Guidry v. Sheet Metal Nat'l Pension Fund*, 493 U.S. 365, 369, 110 S.Ct. 680, 685, 107 L.Ed.2d 782 (1990).

4. This amount is the total of $1,117.69 per month from a pension and $705.00 per month in social security benefits.