529 N.W.2d 335 (1995)
ESTATE OF Emlyn JONES, Deceased, by Lorraine J. BLUME, its Personal Representative, Petitioner, Appellant,
v.
J. Peder KVAMME, et al., Respondents.
No. CX-93-944.
Supreme Court of Minnesota.
April 7, 1995.
*336 Daniel P. Taber, Minneapolis, and Kevin O'C Green, Green Law Offices, Mankato, for appellant.
Bailey W. Blethen, Kevin M. Connelly, Blethen, Gage & Krause, Mankato, for respondents.
Heard, considered and decided by the court en banc.

OPINION
TOMLJANOVICH, Justice.
In 1987, Respondent Lorraine Blume (Blume) acting as personal representative of Emlyn Jones' estate (the Estate) prevailed on a stock fraud claim against Peder Kvamme (Kvamme), resulting in a $678,367.68 judgment that included $46,000 in punitive damages. This court upheld the award with the exception of the punitive damage award. Estate of Jones v. Kvamme, 449 N.W.2d 428, 432 (Minn.1989). In April 1991, in an effort to collect this judgment, Blume served a garnishment notice on Dain Bosworth, Inc. (Dain), a financial institution where Kvamme had investment accounts.
Kvamme's assets held by Dain originated from contributions made to an employer sponsored qualified profit sharing plan. In 1980, the plan was terminated after the ownership of Kvamme's employer changed. Kvamme rolled the accumulated funds over to a qualified IRA account at National Bank of Commerce/MidAmerica (NBC IRA). In 1983, a portion of this money was transferred to a qualified IRA account with Dain (Dain IRA). Kvamme's interest in the Dain IRA was approximately $47,000. On March 1, 1991, Kvamme transferred additional money to Dain from his NBC IRA and Dain purchased shares in the Franklin Fund, a qualified IRA, on Kvamme's behalf. Kvamme's interest in the Franklin Fund was $51,900.
Upon receiving the garnishment notice, Dain disclosed that it held approximately $47,000, but failed to disclose the $51,900 in *337 the Franklin Fund. In response to the garnishment notice and following Dain's disclosure, Kvamme claimed that all funds held by Dain were exempt under Minn.Stat. § 550.37, subd. 24, and identified the exempt amount as approximately $47,000. The district court held the $47,000 in the Dain IRA did not qualify as an IRA that was exempt from garnishment or attachment under Minn.Stat. § 550.37, subd. 24(1) and granted a garnishment order on June 21, 1991. Kvamme appealed this decision.
On July 19, 1991, before the court of appeals rendered its decision, Dain amended its disclosure to include the $51,900 held in the Franklin Fund. After the amended disclosure, the total value of Kvamme's holdings with Dain was identified as approximately $104,300. The court of appeals reversed the district court's judgment and held that the Dain IRA was exempt from garnishment or attachment. Estate of Jones v. Kvamme, 481 N.W.2d 94, 96 (Minn.App.1992). The court of appeals did not address whether the $51,900 in the Franklin Fund was exempt since the issue was not raised in the district court. Blume petitioned this court for review of the Estate's claim that Minn.Stat. § 550.37, subd. 24(1) was unconstitutional. This court ordered the court of appeals to remand the decision for a determination of the constitutionality of the statute.
On remand, the district court held the $51,900 in the Franklin Fund was not exempt from garnishment or attachment by Blume because Minn.Stat. § 550.37, subd. 24(1) violated Minn. Const., art. I, § 12 and art. XII, § 1, and the money was not reasonably necessary for the support of Kvamme, his spouse or his dependents under Minn.Stat. § 550.37, subd. 24(2) (1990). The court of appeals reversed the district court, finding Minn.Stat. § 550.37, subd. 24 did not violate the Minnesota Constitution. Estate of Jones v. Kvamme, 510 N.W.2d 6, 9 (Minn.App. 1993).
On appeal to this court, Blume contends that clause (1) of Minn.Stat. § 550.37, subd. 24 violates Minn. Const. art. I, § 12 because it allows a debtor to exempt from garnishment or attachment an unreasonable amount of property. We agree and reverse the judgment of the court of appeals. We hold that Blume has demonstrated beyond a reasonable doubt that Minn.Stat. § 550.37, subd. 24(1) violates the Minnesota Constitution.
The constitutionality of a statute is purely a legal question; lower courts' decisions are accorded no deference. Jacobsen v. Anheuser-Busch, Inc., 392 N.W.2d 868, 872 (Minn.1986). Statutes are presumptively constitutional, In re Haggerty, 448 N.W.2d 363, 364 (Minn.1989); In re Tveten, 402 N.W.2d 551, 556 (Minn.1987), and should be declared unconstitutional "only when absolutely necessary." Haggerty, 448 N.W.2d at 364. The party challenging the constitutionality of a statute must prove beyond a reasonable doubt that the statute is unconstitutional. Tveten, 402 N.W.2d at 556.
The Minnesota Constitution provides:
A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.
Minn. Const. art. I, § 12. We have defined "reasonable amount" in the following manner:
If an exemption has no limit of any kind, then it is unconstitutional. On the other hand, an exemption with a dollar, an objective, or a statutory "to the extent reasonably necessary" limit is a proper legislative determination of reasonableness.
Haggerty, 448 N.W.2d at 366. See also Tveten, 402 N.W.2d at 558 (holding an unlimited exemption for annuities purchased from fraternal organizations violated Minn. Const. art. I, § 12 because the statute did not contain an "objective bench mark by which the `reasonable amount' of property exemption may be ascertained"); In re How, 59 Minn. 415, 419, 61 N.W. 456, 457 (1894) (holding an unlimited exemption for life insurance proceeds violated Minn. Const. art. I, § 12 because the statute contained "no certain or proper measure of any kind" and thus, the amount exempted "may amount to millions"); In re Bailey, 84 B.R. 608, 610-12 (Bankr. D.Minn.1988) (holding unlimited personal injury right of action exemption for special *338 damages violated Minn. Const., art. I, § 12); In re Hilary, 76 B.R. 683, 686 (Bankr. D.Minn.1987) (holding family musical instrument exemption violated Minn. Const., art. I, § 12 for failing to provide objective limit).
Minn.Stat. § 550.37 provides in pertinent part:
Subd. 1 The property mentioned in this section is not liable to attachment, garnishment or sale on any final process, issued from any court.
* * * * * *
Subd. 24. Employee Benefits. The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service:
(1) to the extent the plan or contract is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or
(2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of $30,000[1] and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.
Minn.Stat. § 550.37, subds. 1, 24 (1994).
Appellant contends Minn.Stat. § 550.37, subd. 24(1) is unconstitutional. No Minnesota Court has interpreted the constitutionality of Minn.Stat. § 550.37, subd. 24,[2] however, the Federal Bankruptcy Court for the District of Minnesota has found clause (1) constitutional insofar "as it applies to IRAs that do not include rollovers." In re Barlage, 121 B.R. 352, 355 (Bankr.D.Minn.1990). The Barlage court found clause (1) contained an objective limit by incorporating the objective criteria found in I.R.C. § 408(a)(1). The bankruptcy court stated:
§ 408(a)(1) prevents unlimited contributions to an IRA. This in turn limits the amount that an individual can accumulate in an IRA. How an individual chooses to invest the money once it is in an IRA does not change this result. Admittedly, the total amount accrued will vary according to the investment, but in any case the total is limited by the amount that can be invested.
Id. at 355-56.
In the present case, the court of appeals held Minn.Stat. § 550.37, subd. 24(1) was constitutional reasoning, "[l]ike the bankruptcy court in Barlage, we find that the I.R.C. provisions cited in clause (1) provide objective limitation criteria which prevent unlimited contributions to qualified retirement accounts." Kvamme, 510 N.W.2d at 10. The Barlage court reached its determination that a limitation on the contribution provided an objective limit to the amount the account could accumulate by reasoning, "[a]dmittedly, the total amount accrued will vary according to the investment, but in any case, the total is limited to the amount that can be invested." Barlage at 356 (emphasis added). This reasoning is erroneous.
Although the total amount accumulated is affected by the amount invested, it is not limited by it. Instead, the amount the account might accumulate is limited by the rate of return. Neither the statute itself, nor any section of the Internal Revenue Code that might be incorporated into it, limit the rate of return an individual might achieve. Thus, no objective criteria exists which limit the total that might be accumulated. Accordingly, since Minn.Stat. § 550.37, subd 24(1) contains no limit on the amount that may be accumulated in an IRA, this clause violates Minn. Const. art. I, § 12.
*339 Pursuant to the rules of statutory construction, clause (1) is severable from the remainder of the statute, and thus, clause (2) remains in effect. Minn.Stat. § 645.20 (1994).[3] Clause (2) contains a dollar amount and a "to the extent reasonably necessary" phrase. Thus, clause (2) withstands constitutional scrutiny. Tveten, 402 N.W.2d at 558 (holding phrase "to the extent reasonably necessary" is an objective limit). By its terms clause (2) governs all plans and contracts. Thus, under clause (2), in this case and in future cases, the sum of all plans is exempt up to an indexed $30,000, plus "additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependents of the debtor." Minn.Stat. § 550.37, subd. 24(2).
As respondent asserts, uniform treatment of retirement accounts funded by pretax dollars which grow tax free until retirement is undermined by our holding today. At present, plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq. (1988 ed.) are exempt from garnishment or attachment without limitation irrespective of whether the debtor reasonably needs the income. Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1990). Our holding today means that plans governed by ERISA will continue to be entirely exempt, whereas plans not covered by ERISA, like an IRA, will only be exempt up to an indexed $30,000, plus an amount reasonably necessary for the support of the debtor and the debtor's spouse or dependents.[4] We believe, however, that from a policy perspective, this approach to exempting retirement income promotes a fairer result than ERISA presently provides.
The policy underlying exemption of retirement income from creditors reflects a well founded desire of the legislature to insure that debtors, despite their debts, will nevertheless have a reasonable means to support themselves and their dependents. See Medill v. State, 477 N.W.2d 703, 708 (Minn. 1991) (quoting Poznanovic v. Maki, 209 Minn. 379, 382, 296 N.W. 415, 417 (1941)); Tveten, 402 N.W.2d at 559 (quoting Poznanovic). ERISA precludes attachment or garnishment of the entirety of any ERISA qualified retirement plan. Guidry, 493 U.S. 365, 376, 110 S.Ct. 680, 687 (holding ERISA preemption "reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners * * * even if that decision prevents others from securing relief for the wrongs done them."). Thus, because of the breadth of ERISA's preemption, debtors can potentially shield assets over and above those necessary to support themselves and their dependents. This allows for an exemption beyond that which the public policy underlying the exemption requires. Moreover, it unfairly precludes legitimate creditors from satisfying a judgment, even though the debtor could afford to satisfy the judgment without jeopardizing the support of the debtor or the debtor's spouse and dependents. Therefore, while the Minnesota Constitution dictates the result we have reached, for the policy reasons articulated, we also believe this result is the fairest. Although Congress has not chosen to pursue the fairest result, the Minnesota Constitution directs us to pursue it within the present statutory framework.
In this case, the district court determined and the court of appeals agreed that the $51,900 contained in the Franklin Fund is not reasonably necessary for the support of Kvamme and his wife or dependents. Kvamme, 510 N.W.2d at 12.

*340 The record shows that Kvamme earns at least $1,822.69 per month and that his unencumbered homestead is worth approximately $200,000. The record also shows that Kvamme's wife has a net worth of over one million dollars and earned $100,000 in the previous year.
Id. (footnote omitted). Thus, the district court's determination that the $51,900 in the Franklin Fund is not exempt from garnishment or attachment because it was not reasonably necessary for the support of Kvamme, his spouse or his dependents is reinstated.
Reversed.
ANDERSON, J., took no part in the consideration or decision in this case.
NOTES
[1] This amount is "indexed" pursuant to Minn. Stat. § 550.37, subd. 4a (1994) and is currently $48,000.
[2] In 1989, the legislature amended Minn.Stat. § 550.37, subd. 24. 1989 Laws, ch. 284, § 1. Although this court has ruled on the constitutionality of a previous version of Minn.Stat. § 550.37, subd. 24, Tveten, 402 N.W.2d at 556, to date no Minnesota court has ruled on the constitutionality of the amended statute.
[3] "If any provision of a law is found to be unconstitutional and void, the remaining provision of the law shall remain valid * * *." Minn.Stat. § 645.20.
[4] In our determination of this case, we have considered whether funds originating from an ERISA qualified plan that are subsequently rolled over into an IRA continue to be protected from attachment or garnishment through ERISA's anti-alienation provisions. See 29 U.S.C. § 1056(d)(1) (1988 ed.). We hold they do not. See Johns v. Rozet, 826 F.Supp. 565, 567 (D.D.C.1993) (holding an IRA "is not protected from garnishment by ERISA because funds rolled over from an employee benefit plan into an IRA are not covered by ERISA.").