Michael Black, St. Paul, MN, for Debtor.

### ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter came before the Court on October 21, 1997 on Trustee's Objection to Claimed Exempt Property. A response was filed by the Debtor. Appearances are as noted in the record. Based on the Federal and Local Rules of Bankruptcy Procedure, the Court now makes this **ORDER**.

**In re Timothy J. HAWKINSON, Debtor.**

**Bankruptcy No. 97–34493.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 14, 1998.

I.

The issue presented is whether Minn.Stat. § 550.37, subd. 24(2)[1] requires the inclusion of ERISA-qualified plans in calculating the total amount of exemptions allowable for non-ERISA plans under the statute.

The Debtor, Timothy Hawkinson, filed this Chapter 7 case on July 2, 1997. At the time of filing, the Debtor owned three retirement plans. Two of the plans were ERISA qualified: a pension plan with 3M valued at $7,580; and, a 401(k) plan valued at $25,201.12. The third plan was an IRA account at Offerman & Co. valued at $48,900 which was not ERISA qualified. There is no dispute that the 3M pension plan and the 401(k) plan are ERISA-qualified plans. There also

1. The statute allows an exemption of $51,000 for     certain non-ERISA employee benefits.

is no dispute that ERISA-qualified plans are not property of the bankruptcy estate and that the non-ERISA plan, the IRA, is property of the bankruptcy estate. As the IRA is property of the bankruptcy estate, it is subject to state exemptions as set out in Minn. Stat. § 550.37, subd. 24(2).

The Debtor takes the position that Minn. Stat. § 550.37, subd. 24(2), which provides that certain employee benefits are exempt "to the extent of the debtor's aggregate interest under all plans and contracts up to . . . [$51,000]", does not include ERISA-qualified plans in the calculation of the aggregate interest. The Debtor claims the entire amount of the non-ERISA IRA exempt under the statute.

Both parties agree that ERISA law applies to ERISA plans. Nonetheless, the Trustee takes the position that the plain meaning of Minn.Stat. § 550.37, subd. 24(2) includes ERISA plans in the state law calculation of the amount of the exemption of non-ERISA plans subject to exemption under the statute. The Trustee's position would result in the total amount of the ERISA plans ($32,781.12) being deducted from the state exemption limit ($51,000), leaving $18,218.88 remaining under the exemption limit. The amount of the IRA ($48,900) would then be deducted from the remaining amount of the exemption ($18,-218.88), resulting in $30,681.12 of the IRA exceeding the exemption limit.

## II.

Judge Nancy Dreher recently issued an unreported decision supporting the Trustee's position in *In re Nielsen*, No. 4–96–7257, 1997 WL 309148 (Bankr.D.Minn.).[2] *Nielsen* involved the exemption calculation of Minn. Stat. § 550.37, subd. 24(2) as it pertained to six retirement accounts, two of which were ERISA qualified. The issue was whether "in calculating the aggregate interest of the Debtors in 'all plans and contracts' one must exclude interest in ERISA-qualified plans which are not property of the estate." *Nielsen*, 1997 WL 309148 at *1. The court held that, "[p]lainly read, the statute [Minn.Stat. § 550.37, subd. 24(2) ] requires the inclusion of amounts in *all* such plans or contracts,

whether excludable from the estate or not." *Id.* The court, in making this holding, relied on a quote in *Estate of Jones by Blume v. Kvamme* which stated "[b]y its terms clause (2) governs all plans and contracts." 529 N.W.2d 335, 339 (Minn.1995).

This Court does not agree with the *Nielsen* court. In this Court's view, the plain reading of Minn.Stat. § 550.37 shows that the language "all plans and contracts" in clause (2) does not include the broad universe of all plans and contracts.

Minn.Stat. § 550.37 provides:

> Subdivision 1. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court . . .

> Subd. 24. Employee benefits. The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service:

> . . .

> (2) to the extent of the debtor's aggregate interest under all plans and contracts up to a present value of [$51,000] and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

The language in clause (2) is limited by subdivision 24 itself, which relates only to non-ERISA employee benefits. Specifically, "all plans and contracts" must refer to those plans and contracts which are described in subdivision 24 and are subject to exemption under subdivision 24. If this were not the case, clause (2) would limit the Debtor's exemption to $51,000 on all employee benefits, real estate contracts, sales contracts, and every other contract or plan imaginable. Clearly, the statute was not meant to promote such a result.

---

**2.** The holding in *Nielsen* was not appealed as the

case was converted to a case under Chapter 13.

Additionally, case law is, at best, neutral as to whether Minn.Stat. § 550.37, subd. 24(2) is to include ERISA plans in the calculation of the amount of the exemption of non-ERISA plans subject to exemption under the statute. The Minnesota Supreme Court did state in *Blume* that "clause (2) governs all plans and contracts." *Blume*, 529 N.W.2d at 339. This quote means no more in context of the case than it does in context of the statute. Neither the quote in the case nor the case in general, gives any indication as to whether ERISA plans are to be included in the calculation of non-ERISA state law exemptions. In fact, the *Blume* court was only dealing with the constitutionality of Minn.Stat. § 550.37, subd. 24.

If Minn.Stat. § 550.37, subd. 24 required the inclusion of ERISA-qualified plans in the calculation of the total amount the exemption allowable for non-ERISA plans, the only way for the statute to make sense would be to marshal ERISA plans and include them in the calculation first. For example, if in this case the non-ERISA IRA ($48,900) was deducted first from the amount of the exemption ($51,000), the entire amount of the IRA would be exempt. The next step would be to deduct the total amount of the ERISA-qualified plans ($32,781.12) from the remaining amount of the exemption resulting in $18,-218.88 exceeding the exemption. However, this amount exceeding the exemption would have no practical effect on the bankruptcy estate as the ERISA-qualified plans are not property of the bankruptcy estate. Therefore, the result, if always calculating the non-ERISA plans first under the exemption limit, would be the same as if ERISA plans were not included in the calculation at all. The only way for the Trustee's interpretation to make sense would be to calculate the ERISA plans first. However, clause (2) makes no reference to ERISA plans and is silent as to the manner of calculating the exemption if ERISA plans are involved.

Additionally, including ERISA plans in the calculation of non-ERISA exemptions under Minn.Stat. § 550.37, subd. 24 would likely violate the doctrine of preemption. State laws which "relate to" ERISA plans are preempted by ERISA, and the parties agree that Minn.Stat. § 550.37, subd. 24 does not apply to regulate or control ERISA plans.[3] A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); 29 U.S.C. § 1144(a). "Relate to" was meant to be applied in its broadest sense. *Shaw*, 463 U.S. at 97, 103 S.Ct. at 2900. The intent of Congress in enacting this provision was "to provide comprehensive preemption of state law." *Shaw*, 463 U.S. at 106, 103 S.Ct. at 2905. As ERISA exemptions are not controlled by state law, any inclusion of the amounts of ERISA-qualified plans in the calculation of exemptions under state law, specifically Minn.Stat. § 550.37, subd. 24(2), would be inappropriate and contrary to the broad policy of preemption, regardless of the fact the ERISA plans would remain entirely exempt.

## III.

IT IS HEREBY ORDERED THAT: ERISA-qualified plans are not included in the calculation of the aggregate interest of the Debtor in "all plans and contracts" under Minn.Stat. § 550.37, subd. 24(2). Therefore, the Debtor has not exceeded the statutory amount of the exemption as provided for under that subdivision, and the Trustee's objection is overruled.

---

3. This issue has been resolved by the Minnesota Court of Appeals in *Community Bank Henderson v. Noble*, 552 N.W.2d 37 (Minn.App.1996). The court held that:

> Minn.Stat. § 550.37, subd. 24, "relates to" employee benefit plans. It expressly refers to such plans in describing the types of funds that

are exempt from attachment. Unless one of ERISA's narrow exceptions to preemption applies, an express reference to employee benefit plans results in preemption by ERISA. *Shaw*, 463 U.S. at 96–100, 103 S.Ct. at 2899–2902. *Noble*, 552 N.W.2d at 39.